## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| Ginger Warnecker and George Warnecker, ) | Civil Action No.: ___9:15-cv-00734-SB___ |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | (Jury Trial Requested) |
| ) | |
| Coral Resorts, LLC, Sunrise Vacation ) | |
| Properties, Ltd., Reba Management, Inc., ) | |
| Sherri J. Smith, B. Dean Pierce, and ) | |
| Robert Lauderman, ) | |
| ) | |
| Defendants. ) | |
| ————————————————————) | |

COME NOW Ginger Warnecker and George Warnecker ("Plaintiffs"), complaining of the above-named Defendants ("Defendants"), and would respectfully show unto the Court and allege as follows:

<u>SUMMARY OF CAUSES OF ACTION</u>

Plaintiffs are victims of fraud and various statutory and common laws and allege against Defendants the following: (1) Fraud/Intentional Misrepresentation; (2) Violation of the South Carolina Timeshare Act; (3) Violation of the South Carolina Unfair Trade Practices Act; (4) Violation of the South Carolina Consumer Protection Code; (5) Breach of Contract; (6) Negligent Misrepresentation; (7) Breach of Fiduciary Duty; (8) Civil Conspiracy; (9) Declaratory Judgment; and (10) Negligent/Grossly Negligent Hiring, Selection, Contracting, Training, Supervision, and Retention.

## PARTIES AND JURISDICTION

1.    Plaintiffs are citizens and residents of the State of Georgia.

2.    Defendant Coral Resorts, LLC is a limited liability company organized and existing under the laws of the State of South Carolina with its agents, employees, and principal place of business in Beaufort County, South Carolina, upon information and belief.

3.    Defendant Sunrise Vacation Properties, Ltd. d/b/a Coral Resorts is a company organized and existing under the laws of the State of South Carolina with its agents, employees, and principal place of business in Beaufort County, South Carolina, upon information and belief.

4.    During all times complained of herein, Defendant Sunrise Vacation Properties, Ltd. d/b/a Coral Resorts was acting on behalf of Defendant Coral Resorts as its selling agent pursuant to contract, upon information and belief.

5.    Defendant Reba Management, Inc. is a corporation organized and existing under the laws of the State of South Carolina with its agents, employees, and principal place of business in Beaufort County, South Carolina.

6.    During all times complained of herein, Defendant Reba Management was acting on behalf of Defendant Coral Resorts as its management company pursuant to contract, upon information and belief.

7.     Defendant Sherri J. Smith is a citizen and resident of Beaufort County, South Carolina, upon information and belief.

8.    Defendant B. Dean Pierce is a citizen and resident of Beaufort County, South Carolina, upon information and belief.

9.    Defendant Rob Lauderman is a citizen and resident of Beaufort County, South Carolina, upon information and belief.

10.     Pursuant to 28 U.S. Code § 1332 this Court has jurisdiction over the parties and the subject matter set forth herein, insofar as the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, and venue is proper in the Beaufort Division insofar as the events alleged herein took place in Hilton Head Island, Beaufort County, South Carolina.

11.     During all times complained of herein, the Salespersons named hereafter and others to be identified during discovery were acting on behalf of Defendant Coral Resorts, LLC and/or Defendant Sunrise Vacation Properties, Ltd. d/b/a Coral Resorts as their selling agents pursuant to contracts, upon information and belief.

12.     The Broker-in-Charge for Sunrise Vacation Properties, Inc. was Dwight Trew until sometime in 2006; Terry Dale until sometime in 2010; and Sherri J. Smith through the present, upon information and belief.

13.     Sunrise Vacation Properties, Inc. sells timeshares for the four (4) Coral Resorts timeshare resorts exclusively, those being:  (1) Coral Sands, (2) Island Links, (3) Port O' Call, and (4) Coral Reef.

14.     During all times complained of herein, each and every agent and/or employee of each and every Defendant was working as an agent and/or employee of one or more or all of the other Defendants and, as such, each Defendant is responsible for the acts and/or omissions of the other Defendants, their agents, and employees at all times set forth herein.

15.     During all times complained of herein, each and every agent and/or employee of each and every Defendant was working as an alter ego of one another and was acting in the capacity of a joint enterprise and as such is responsible for the acts and/or omissions of the other Defendants, their agents, and employees at all times set forth herein.

## GENERAL ALLEGATIONS

16.     Plaintiffs incorporate the preceding Paragraphs as if fully set forth herein verbatim.

### REGISTRATION AND LAPSE OF CORAL RESORTS' TIMESHARE REGISTRATIONS: (1) CORAL SANDS, (2) ISLAND LINKS, (3) PORT O'CALL, AND (4) CORAL REEF

17.     Upon information and belief, Defendants' Registration(s) with the South Carolina Real Estate Commission to sell timeshares from within the Coral Sands, Island Links, Port O' Call, and Coral Reef Horizontal Property Regimes expired on or about April 11, 2008; September 11, 2005; March 2, 2006; and June 13, 2007, respectively.

18.     Defendants failed to timely pay the renewal fees detailed immediately herein above despite having been repeatedly provided with the lapse and renewal dates for Coral Resorts' four (4) Timeshare Resorts and despite requirements set forth in the South Carolina Timeshare Act.

19.     Upon information and belief, Defendants' Registrations were not renewed until no sooner than at a Real Estate Commission Administrative Hearing on January 23, 2013.

20.     Upon information and belief, Defendants assert that there is no penalty for Defendants' failure to comply with requirement that Defendants pay annual renewal fees for its four (4) timeshare resorts.

21.     Upon information and belief, previous to Defendants' failure to renew and lapse of the above-described Timeshare Resorts' Registrations, Defendants' would regularly and annually notify, update, and seek the approval of the Real Estate Commission for material changes to the time sharing plans, including but not limited to changes in the selling entity, management of the selling entities, contracts, purchase loan agreements, and other documents constituting the Timeshare Registrations.

22.    Upon information and belief, previous to Defendants' failure to renew and lapse of the above-described Timeshare Resorts' Registrations, the Real Estate Commission would communicate to Defendants that, so long as there have been no material changes to the time sharing plan, the Real Estate Commission would renew the plans for another year.

23.    Defendants failed to meet all legal and regulatory requirements to engage in the sale of timeshare properties to the public, including the specific sale of the subject timeshare property to the Plaintiffs, insofar as Defendants' timeshare registration had lapsed at the time of sale to the Plaintiffs, as set forth previously, including for failure to pay all annual and renewal fees to the South Carolina Real Estate Commission and to perform all other requirements for the period of time encompassing the sales transactions with Plaintiffs, upon information and belief.

24.    Due to Defendants' failure to meet all legal and regulatory requirements to engage in the sale of timeshare properties to the public, Defendants violated the South Carolina Timeshare Act by engaging in the sale of timeshare properties to Plaintiffs with unregistered timeshare plans.

<u>FRAUDULENT TIMESHARE SALES</u>

25.    On or about April 13, 2011, Plaintiffs attended a timeshare sales presentation with Defendants and Defendants' agents, including Defendant Rob Lauderman and other persons to be determined during discovery ("Salepersons").

26.    Defendants' Salespersons or "Vacation Counselors" and deeders or "Verification Officers" sold a Coral Resorts timeshare to Plaintiffs.

27.    Plaintiffs thereafter discovered that they had been defrauded by the same and sought redress with Defendants, to no avail.

28.    Defendants and their related entities, agents, and individuals did affirmatively

make certain misrepresentations, including, but not limited to, the following, as well as those set forth herein below, on behalf of Defendants concerning the Defendants' sales offers:

     i.   that Defendants would sell Plaintiffs' Florida timeshare for them as part of the purchase transaction;

     ii.   that Defendants would rent their Developer week for Plaintiffs;

     iii.   that Defendants would assist Plaintiffs in selling their timeshare;

     iv.   that the timeshare being purchased could be used to travel anywhere in the world;

     v.   misrepresentations as to the maintenance fees of Defendants' timeshare property;

     vi.   that Defendants' timeshare property was pet friendly; and

     vii.   Such further and other representations as may be set forth at trial.

29.    Following such representations and in reliance upon same, Plaintiffs purchased timeshare properties from Defendants contained within Coral Resorts' resorts. Further, in completing such paperwork, Defendants did fail to properly complete, witness, and notarize where appropriate in violation of South Carolina Code Section 26-1-95, False Certification by a Notary; Defendants failed to provide a Public Offering Statement meeting all legal requirements prior to Plaintiffs' signing of the contract; Defendants failed to provide Plaintiffs with a fully completed copy of their contract documents on the dates of purchase; and Defendants violated other aspects of the South Carolina Timeshare Act.

30.    Following said purchase, the Plaintiffs did investigate such representations only to learn that said representations were false.

31.    Plaintiffs did thereafter approach Defendants to correct such discrepancies, to no

avail.

32.     Upon information and belief, sales person or "Vacation Counselor" and deeder or "Verification Officer" (also "Salespersons") were independent contractors of Defendants pursuant to independent contractor agreements containing indemnification clauses.

33.     Alternatively, Salespersons were employees of Defendants pursuant to employee/ employer relationships.

34.     Upon information and belief, Salespersons were required to conform their conduct to industry standards, laws, regulations, sound business practices, and basic principles of good faith and fair dealing.

35.     Upon information and belief, Salespersons were Supervisees of Defendant Sherri J. Smith.

36.     Upon information and belief, Defendant Sherri J. Smith was at all relevant times herein the Broker-in-Charge of all Salespersons described or referenced herein.

37.     Upon information and belief, Defendant Sherri J. Smith was at all relevant times herein the Supervisor of all Salespersons described or referenced herein.

38.     Upon information and belief, Defendant Sherri J. Smith had a contractual relationship with other Defendants and/or third parties to supervise the Salespersons to ensure that they conform their conduct to industry standards, laws, regulations, sound business practices, and basic principles of good faith and fair dealing.

39.     Upon information and belief, Defendant Coral Resorts had marketing and sales agreements with Defendant Sunrise Vacation Properties.

40.     Upon information and belief, such marketing and sales agreements were between Coral Resorts, LLC, and/or Sunrise Vacation Properties, Ltd. and contained indemnification

clauses making Sunrise Vacation Properties, Ltd. liable for any compensation claims, sales and marketing claims, and/or sales and marketing misrepresentation claims.

41.    Upon information and belief, such marketing and sales agreements described Sunrise Vacation Properties, Ltd.'s duties to recruit, hire, train, and compensate a Sales Force, such as Salespersons, and to staff, manage, and supervise same.

42.    Upon information and belief, pursuant to such marketing and sales agreements Sunrise Vacation Properties, Ltd. agreed to abide by all laws related to timeshares, and to conduct itself in ethical manner.

43.    Upon information and belief, during the sales transactions described hereinabove, Defendants did purposefully, recklessly, and/or negligently misstate information as to the essential terms of the subject contract, with the purposeful, reckless, and/or negligent intent and/or effect of having the Plaintiffs sign written documents with essential terms contradictory to those verbally stated/misstated.

44.    Upon information and belief, during the sales transactions described above, Defendants obstructed and obscured essential terms of subject contracts and documents when having Plaintiffs sign subject documents with the purposeful, reckless, and/or negligent intent and/or effect of having the Plaintiffs sign written documents with essential terms contradictory to those verbally stated/ misstated.

45.    Upon information and belief, during the sales transactions described above Defendants used time pressures, distractions, mis-statements, mis-directions, and/or other deceptive techniques, when having Plaintiffs sign the subject documents with the purposeful, reckless, and/or negligent intent and/or effect of having the Plaintiffs sign written documents with essential terms contradictory to those verbally stated/ misstated.

46.     Upon information and belief, Defendants had contractual relationships with Defendant Reba Management, Inc. to manage Defendants' resorts.

47.     Due to an exceedingly alarming number of complaints against Coral Resorts and its related entities and individuals for fraud in about 2005 received by the South Carolina Real Estate Commission, allegations strikingly similar to Plaintiffs' allegations today, Defendants promised to provide an attorney on site for purchasers to ask questions about the timeshare contracts.

48.     Upon information and belief, in 2009, Defendants removed the attorney.

49.     Upon information and belief, Defendant Coral Resorts had marketing and sales agreements with Hilton Head Hospitality, LLC d/b/a Hilton Head Guest Services, and Hilton Head Hospitality, LLC d/b/a Hilton Head Guest Services is intentionally furthering Defendants' purposes with its website www.scamshiltonhead.com, www.hiltonheadripoff.com, www.complaintshiltonhead.com, and other advertising methods.

50.     Michael Barfield was the Trustee and closing agent for the Island Links resort while employed with Barnwell, Whaley, Patterson, and Helms, LLC, and Mr. Barfield failed to properly supervise the timeshare closing in Hilton Head from his office in South Carolina in violation of the South Carolina Timeshare Act, upon information and belief.

51.     Defendant B. Dean Pierce holds all of the following positions related to the instant lawsuit, upon information and belief:

      i.  General Manager of Coral Resorts, LLC;

     ii.  General Counsel of Coral Resorts, LLC;

   iii.  Independent Contractor of Coral Resorts, LLC;

   iv.  President of Reba Management, Inc.;

v.   General Counsel of Reba Management, Inc.;

vi.   Independent Contractor of Reba Management, Inc.;

vii.   President and Board Member of Island Links Owners' Association, Inc. installed by Dwight Trew;

viii.   President and Board Member of Coral Sands Owners' Association, Inc. installed by Dwight Trew;

ix.   President and Board Member of Coral Reef Owners' Association, Inc. installed by Dwight Trew;

x.   President and Board Member of Port O'Call Owners' Association, Inc. installed by Dwight Trew;

xi.   Defendant Representative for Coral Resorts, LLC; and

xii.   Defendant Representative for Reba Management, Inc.

52.    Upon information and belief, the second and final Board Member on the Coral Sands, Island Links, Coral Reef, and Port O'Call Owners' Associations is another attorney installed by Dwight Trew.

53.    Upon information and belief, Dwight Trew amended the Master Deed such that he has the sole power to appoint the Board of Directors for the Coral Sands, Island Links, Coral Reef, and Port O'Call Owners' Associations, despite that the developer has released both Port O'Call and Coral Reef Timeshare Resorts to the Owners' Associations.

54.    Upon information and belief, B. Dean Pierce owes a fiduciary duty and duty of loyalty and fair dealing to all of the various Defendants with which he is contracted and represents, which have indemnification agreements amongst the same, and he cannot adequately represent all of the Defendants' competing and conflicting interests nor meet his fiduciary

interests to all of them at the same time in his participation in this lawsuit.

55.    Upon information and belief, all Defendants are well aware of thousands of complaints against Coral Resorts and its related entities, agents, and individuals during B. Dean Pierce's tenure and since his original contracting with Defendants.

56.    Coral Resorts' collective entities failed to renew, amend, and update the Real Estate Commission of the changes to their timeshare registration plans.

57.    Upon information and belief, Coral Resorts' collective entities failed to renew, amend, and update the Real Estate Commission of at least five (5) discrete pieces of information and/or documents.

58.    Upon information and belief, Defendants, by and through their agent, sign, acknowledge, promise, and affirm in the Order of Registration that they are jointly and severally liable with the broker-in-charge and/or marketing and sales agency generally and specifically under the South Carolina Timeshare Act and South Carolina Unfair Trade Practices Act.

59.    Upon information and belief, Defendants, by and through their agent, sign, acknowledge, promise, and affirm in the Order of Registration that Defendants will sell the timeshares according to the terms of the Purchase Contract, Deed, Purchase Loan Agreement, Disclosure Statement, and other documents, a copy of said documents submitted for prior approval before use being attached and incorporated into the Order of Registration.

60.    As a result thereof, Plaintiffs have suffered and continue to suffer damages and losses.

61.    Plaintiffs are informed and believe that they are entitled to actual, incidental, consequential, treble, and punitive damages in an amount to be determined at trial, as well as attorneys' fees, costs, and expenses, as permitted.

## FOR A FIRST CAUSE OF ACTION
### (Fraud/Intentional Misrepresentation)

62.     Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated herein.

63.     During the course of such sales presentations, referenced above, Defendants and Defendants' agents made certain representations to the Plaintiffs including those set forth above, as well as those which may be further set forth at trial.

64.     As to same:

   a.    The nondisclosures and/or representations were false;

   b.    The representations were material to the transactions;

   c.    The representations were known to Defendants to be false, or, alternatively, Defendants were reckless of their disregard of the truth or falsity of the representations;

   d.    Defendants intended that the Plaintiffs act upon the representations;

   e.    Plaintiffs were ignorant of the falsity of the representations;

   f.    Plaintiffs relied upon the truthfulness of the representations and had a right to do so; and

   g.    As a consequence of same, Plaintiffs have suffered and continue to suffer damages as a proximate result thereof.

65.     The fraud was committed in such a manner or under such circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of Plaintiffs' rights.

66.     Defendants were conscious of and/or are chargeable with consciousness of their wrongdoing.

67.    Such actions and sales misrepresentations are described within certain documents establishing the contractual relationships between certain Defendants and other Defendants and/or third parties.

68.    Upon information and belief, certain of such documents establishing the contractual relationships between certain Defendants and other Defendants and/or third parties do contain indemnification and other provisions placing such Defendants'/parties' legal positions at odds with all other Defendants/parties.

69.    Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for fraud and/or intentional misrepresentation for actual, incidental, consequential, and punitive damages in an amount to be determined at trial.

### FOR A SECOND CAUSE OF ACTION
**(Violation of the South Carolina Timeshare Act)**

70.    Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated herein.

71.    Upon information and belief, Defendants assert that there is no penalty for failure to comply with certain provisions of the South Carolina Timeshare Act.

72.    Defendants are sellers of a vacation time sharing plan or are in the business of selling interests in a vacation time sharing plan within the definition set forth in South Carolina Code Section 27- 32-10, et seq.

73.    The timeshare property purchased by Plaintiffs, as set forth above, was part of a vacation time sharing plan as defined in South Carolina Code Section 27-32-10, et seq.

74.    The timeshare property purchased by Plaintiffs, as set forth above, was intended to be part of vacation timesharing plans as defined in the South Carolina Timeshare Act.

75.    Further, as set forth above, Defendants, by and through their agents, made certain

representations to Plaintiffs concerning the sale of a timeshare property within the state of South Carolina.

76.    Such representations made by Defendants, by and through their agents, constitute prohibited practices as set forth in South Carolina Code Section 27-32-110, including but not limited to:

a.    Misrepresenting the amount of time or period of time the accommodations and facilities are available to a purchaser;

b.    Misrepresenting or deceptively representing the location of the offered accommodations and facilities;

c.    Misrepresenting the size, nature, extent, qualities, or characteristics of the offered accommodations and facilities;

d.    Misrepresenting the nature and extent of services incident to the accommodations and facilities;

e.    Making misleading or deceptive representations with respect to the contents of the contract or the purchaser's rights, privileges, or benefits under it;

f.    Failing to honor and comply with all provisions of the contract with the purchase;

g.    Misrepresenting the conditions under which a purchaser may exchange his rights to an accommodation in one location for rights to an accommodation in another location;

h.    Including in a contract a provision purporting to waive a right or benefit provided for purchasers pursuant to Chapter 32, Vacation Time Sharing

Plans, or seeking or soliciting such a waiver during the effective period of these rules; and

i.    Doing any other act of fraud, misrepresentation, or failure to make a disclosure of a material fact.

77.    Defendants further violated the South Carolina Timeshare Act, including but not limited to the following:  (A) failing and refusing to provide Plaintiffs with a fully completed copy of the contract at the time of its execution; and (B) other various violations of the South Carolina Timeshare Act as may be set forth at trial.

78.    Defendants are in violation of the South Carolina Timeshare Act, Section 27-32-30(2) and (3):  "It is a violation of this chapter for a person offering vacation time sharing plans for sale to the public to fail to keep among its business records a . . . copy of the contract from each sale of the vacation time sharing plan, which contract must be retained for at least three years after parties to the vacation time sharing plan have completely performed all of their obligations under it; and list of all employees, and their last known mailing addresses, which list must include all current employees and all previous employees whose employment was terminated within the preceding three years," upon information and belief.

79.    Defendants are in violation of the South Carolina Timeshare Act, Section 27-32-40:  "It is a violation of this chapter for the seller of a vacation time sharing plan to fail to utilize and furnish the purchaser a fully completed copy of a contract pertaining to the sale at the time of its execution."

80.    Section 27-32-100(11) of the South Carolina Timeshare Act further states: "However, inclusion of this statement shall not impair the purchaser's right to bring any legal action based upon any cause of action arising from verbal statements."

81.     Defendants are in violation of the South Carolina Timeshare Act, Section 27-32-180(D): "The seller shall supervise, manage, and control all aspects of the offering and sale of a vacation time sharing plan.  A violation of this chapter by a registrant employed by a seller as an independent contractor, either directly or through a third party, in connection with the offering or sales of interests in vacation time sharing plans may be considered to be a violation by the seller as well as by the registrant who committed the violation, if the seller knew or should have known of the conduct constituting the violation."

82.     Defendants are in violation of South Carolina Timeshare Act, Section 27-32-410(A):  "An attorney licensed in this State who is not an employee of the seller of the timeshare interest shall supervise the timeshare closing of a sale of an interest in a vacation time sharing plan located in this State by:  (I) supervising the examination of title to the interest, (ii) physically reviewing before closing the executed transaction documents including, but not limited to, the following, as applicable:  the deed, installment sales contract, mortgage, and promissory note, and (iii) supervising the recording of all instruments involved in the timeshare closing," upon information and belief.

83.     Section 27-32-120(C) of the South Carolina Timeshare Act provides that:  In addition to the penalties provided in this section, a contract for the sale of an interest in a vacation time sharing plan in violation of this chapter is voidable at the sole option of the purchaser and entitles the purchaser to a refund of all consideration paid by him pursuant to the contract."

84.     Although the Real Estate Commission is charged with enforcing the South Carolina Timeshare Act, Section 27-32-130 confirms that "[t]he provisions of this section do not limit the right of a purchaser or a lessee to bring a private action to enforce the provisions of this

chapter."

85.    In violation of the South Carolina Timeshare Act, Section 27-32-110, Defendants included an unconscionable and unenforceable term in the contract attempting to limit Plaintiff's right and benefit to pursuing all of their causes of action in a private lawsuit:  "RECOVERY HEREUNDER BY THE PURCHASER SHALL NOT EXCEED AMOUNTS PAID BY THE PURCHASER HEREUNDER."

86.    Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for violation of the South Carolina Timeshare Act, for actual, incidental, consequential, and punitive damages in an amount to be determined at trial.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of the South Carolina Unfair Trade Practices Act)**

87.    Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated herein.

88.    As set forth above, Defendants made certain representations to Plaintiffs during the subject sales transaction which were false, misleading, and/or fraudulent.

89.    The committing of such false, misleading, and/or fraudulent representations by Defendants constituted an act or practice that is unfair or deceptive, and impacts the public within the meaning of the South Carolina Unfair Trade Practices Act.

90.    The committing of such false, misleading, and/or fraudulent representations by Defendants is not only capable of repeatedly harming the public, but *actually has been* repeatedly harming the public as the same kind of actions have occurred in the past, thus making it likely that they will continue to occur absent deterrence, and the company's procedures create a potential for repetition of the unfair and deceptive acts.

91.    Further, Defendants violations of the statutory requirements imposed upon them

as timeshare developers / sellers within the State of South Carolina constitute Unfair Trade Practices within the definition of such Act.

92.     Upon information and belief, Defendants willfully violated the South Carolina Unfair Trade Practices Act.

93.     As a result of same, Plaintiffs have suffered and continue to suffer damages.

94.     Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for unfair trade practices in an amount to be determined at trial, such amount to be trebled in accordance with the South Carolina Unfair Trade Practices Act, consequential damages, and the costs, expenses, and attorneys' fees of this action.

## FOR A FOURTH CAUSE OF ACTION
### (Violation of South Carolina Consumer Protection Code)

95.     Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated herein.

96.     Defendants are in violation of South Carolina Code Section 37-1-101, 37-3-101, et seq.

97.     The subject agreement or transaction and/or material terms thereof were unconscionable at the time it was made, and the terms of the agreement or transaction are unconscionable.

98.     Upon information and belief, Defendants secured the consumer loan, in whole or in part, by a lien on the subject timeshare real estate other than as a fixed, non-variable loan finance rate.

99.     As a result thereof, Plaintiffs have suffered and continue to suffer damages.

100.    Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for violation of the Consumer Protection Code for actual,

incidental, consequential, and punitive damages in an amount to be determined at trial, as well as a declaration that the contract and/or its terms are unconscionable and unenforceable.

**FOR A FIFTH CAUSE OF ACTION**
**(Breach of Contract)**

101.    Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated herein.

102.    In the alternative, Defendants and Plaintiffs entered into a contract more described more fully herein above.

103.    Pursuant to such contract, Defendants obligated themselves to certain duties.

104.    Pursuant to such contract, Defendants had an implied duty of good faith and fair dealing with Plaintiffs, a term which is implied in every contract in the State of South Carolina.

105.    Defendants breached such duties as outlined herein and as may be discovered during the prosecution of this lawsuit.

106.    Defendants had fraudulent intent relating to their breaching of the contract and accompanying the breach either prior to, contemporaneous with, or subsequent to the breach of contract.

107.    As a result of such breaches, Plaintiffs have been damaged in an amount as shall be set forth at trial.

108.    Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for actual, incidental, and consequential damages for breach of contract in an amount to be determined at trial.

**FOR A SIXTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

109.    Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated

herein.

110.    As set forth above, Defendants, by and through their agents, made one or more false representations to the Plaintiffs.

111.    Defendants, by and through their agents, had a pecuniary interest in making such representations.

112.    Defendants possessed expertise or special knowledge that would ordinarily make it reasonable for another to rely on Defendants' judgment or ability to make careful inquiry.

113.    Defendants made the false representations in the course of Defendants' business, profession, or employment.

114.    Defendants owed a duty of care to Plaintiffs to see that truthful information was communicated to Plaintiffs.

115.    Defendants breached the duty to Plaintiffs by failing to exercise due care.

116.    Plaintiffs justifiably relied upon the representations.

117.    Plaintiffs suffered a pecuniary loss as a direct and proximate result of reliance on the representations.

118.    Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for actual, incidental, consequential, and punitive damages for negligent misrepresentation in an amount to be determined at trial.

## FOR A SEVENTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

119.    Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated herein.

120.    A relationship exists between Plaintiffs and Defendants that imposes a special confidence by Plaintiffs in Defendants so that Defendants, in equity and good conscience, are

bound to act in good faith and with due regard to the interests of Plaintiffs.

121.    Defendants are responsible for reviewing terms with Plaintiffs and purchasers, including but not limited to reviewing the subject timeshare contracts in great detail.

122.    Defendants did accept and induce the confidence placed by Plaintiffs in Defendants.

123.    Defendants failed to fully disclose to Plaintiffs all known information that was significant and material.

124.    Upon information and belief, Defendants are in violation of their fiduciary duties owed to each other.

125.    Defendants have violated their fiduciary duties in their capacities of corporate officers.

126.    The purpose of the Coral Sands, Island Links, Port O' Call, and Coral Reef Owners' Associations is supposed to be for the health, safety, and welfare of the owners, not the developer or another entity controlled and/or owned by the developer and/or his spouse.

127.    Upon information and belief, the homeowners' list for the Coral Sands, Island Links, Port O'Call, and Coral Reef timeshare resorts is wholly owned by Dwight Trew.

128.    Upon information and belief, Coral Sands, Island Links, Port O' Call, and Coral Reef Owners' Associations utilize the homeowners' lists for the resorts under a license from Dwight Trew.

129.    As a result of the foregoing breaches and wrongful conduct of Defendants, and others as may be set forth at trial, the Plaintiffs have suffered damages as will be set forth at trial.

130.    Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for breach of fiduciary duty in an amount to be determined at

trial.

## FOR AN EIGHTH CAUSE OF ACTION
### (Civil Conspiracy)

131.    Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated herein.

132.    As set forth above, Defendants, by and through two (2) or more of their agents, including those identified within the allegations set forth above, did combine for the purpose of injuring Plaintiffs and did cause Plaintiffs to suffer special damages, including but not limited to time, mental health, trust in the public, and lost future profits.

133.    Upon information and belief, the Plaintiffs' allegations of civil conspiracy and other causes of action against the Defendants place such Defendants/parties legal positions at odds with all other Defendants/parties.

134.    Upon information and belief, due to the divergent and conflicting interests of each and every party and indemnification clauses contained in agreements amongst the same, conflicts of interest exist that cannot be waived under the South Carolina Rules of Professional Conduct, and each and every party requires separate counsel or cannot be represented by the same counsel.

135.    Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for Plaintiffs' special damages, including but not limited to time and distrust in the public, for civil conspiracy in an amount to be determined at trial.

## FOR A NINTH CAUSE OF ACTION
### (Declaratory Judgment)

136.    Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated herein.

137.    Plaintiffs are informed and believe that they are entitled to a declaratory judgment

that no valid and binding contracts exist between the parties due to there being no meeting of the minds as to the contracts and for the reasons set forth herein above and below.

### FOR A TENTH CAUSE OF ACTION
**(Negligent/Grossly Negligent Hiring, Selection, Contracting, Training, Supervision, and Retention)**

138.    Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated herein.

139.    Defendants owed Plaintiffs a duty to exercise reasonable care in the hiring, selection, training, supervision, contracting, and retention of Salespersons and others.

140.    Defendants breached their duty to Plaintiffs.

141.    As a result thereof, Plaintiffs have suffered and continue to suffer damages.

142.    Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for negligent hiring, selection, contracting, training, supervision, and retention in an amount to be determined at trial.


WHEREFORE, having fully set forth their Complaint against Defendants, Plaintiffs pray that the Court inquire into the matters set forth herein and issues its Order as follows:

A. Granting Plaintiffs judgment against Defendants, jointly and severally, for Fraud/Intentional Misrepresentation for actual, incidental, consequential, and punitive damages in an amount to be set forth at trial;

B. Granting Plaintiffs judgment against Defendants, jointly and severally, for violation of the South Carolina Timeshare Act for actual damages in an amount to be set forth at trial;

C. Granting Plaintiffs judgment against Defendants, jointly and severally, for violation

of the South Carolina Unfair Trade Practices Act in an amount to be set forth at trial, trebled, as well as the costs, expenses, and attorneys' fees of this action;

D.  Granting Plaintiffs judgment against Defendants, jointly and severally, for violation of the Consumer Protection Code for actual, incidental, consequential, and punitive damages in an amount to be determined at trial, as well as a declaration that the contract and/or its terms are unconscionable and unenforceable;

E.  Granting Plaintiffs judgment against Defendants, jointly and severally, for Breach of Contract for actual, incidental, and consequential in an amount to be set forth at trial;

F.  Granting Plaintiffs judgment against Defendants, jointly and severally, for Negligent Misrepresentation for actual, incidental, consequential, and punitive damages in an amount to be set forth at trial;

G.  Granting Plaintiffs judgment against Defendants, jointly and severally, for Breach of Fiduciary Duty for actual, incidental, consequential, and punitive damages in an amount to be set forth at trial;

H.  Granting Plaintiffs judgment against Defendants, jointly and severally, for Civil Conspiracy for actual, incidental, consequential, and punitive damages in an amount to be set forth at trial;

I.  Declaring that no valid and binding contract exists between the parties due to there being no meeting of the minds as to the contract and as further set forth therein;

J.  Granting Plaintiffs judgment against Defendants, jointly and severally, for Negligent Hiring, Selection, Contracting, Training, Supervision, and Retention for actual, incidental, consequential, and punitive damages in an amount to be set forth at trial;

K.  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/ Joseph DuBois
Joseph DuBois (Fed I.D. No.:  9459)
Zach S. Naert (Fed. I.D. No.: 10606)
**Naert and DuBois, LLC**
22 New Orleans Road, Suite 1
Post Office Box 7228 (29938)
Hilton Head Island, SC  29928
Tel:  (843) 686-5500 - Fax:  (843) 686-5501
joe@lowcountrylegal.com
zach@lowcountrylegal.com
*Attorneys for Plaintiffs*

February 20, 2015
Hilton Head Island, SC